**IN THE
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | CR. NO. 07-135 (JDB) |
| **THOMAS E. PETERSON, JR.** | ) | |

### MOTION TO RECONSIDER ORDER OF DETENTION

Thomas E. Peterson, Jr., by and through counsel, respectfully moves this Court to reconsider his detention status. As grounds for this request, Mr. Peterson states the following:

1. Mr. Peterson has been charged by indictment with two counts of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). Mr. Peterson was arraigned in relation to this charge on June 7, 2007 and he entered a plea of not guilty at that time. Mr. Peterson is next scheduled to appear in court in connection with the instant case on June 28, 2007.

2. On May 1, 2007, Mr. Peterson had his initial appearance in this case before a United States Magistrate Judge. Because the government requested a detention hearing at Mr. Peterson's initial appearance, Mr. Peterson was held without bond until the date of his consolidated preliminary and detention hearing. The consolidated hearing occurred on May 7, 2007 and, at the conclusion of the hearing, the magistrate court ordered that Mr. Peterson shall remain held without bond in relation to this case.

3. Congress enacted the Bail Reform Act of 1984 to give courts the authority to consider factors such as community safety and the likelihood of flight in making release determinations. In passing the Act, however, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses. Indeed, the Act expressly provides that "[n]othing in this

section shall be construed as modifying or limiting the presumption of innocence." 18 U.S. Code Section 3142(j).  Significantly, Courts have recognized that the statutory scheme of Section 3142 continues to favor release over pretrial detention.  See United States v. Orta, 760 F.2d 887, 890-892 (8th Cir. 1985); United States v. Miller, 625 F. Supp. 513, 516-17 (D.Kan. 1985).

    4.    In Mr. Peterson's case, he does not pose the danger to the community with which the 1984 Bail Reform Act is concerned.  The passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that "there is a small but identifiable group of particularly dangerous [persons] as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons.  It is with respect to this limited group ... that the courts must be given the power to deny release pending trial." S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, reprinted in U.S. Code Cong. & Ad. News 3189 (emphasis supplied).  Mr. Peterson is clearly not a part of this "limited group".

    5.    Mr. Peterson is not being charged with any crimes of violence and it appears that there are no allegations that any alleged conduct in connection with Mr. Peterson's case involves any acts or threats of violence.  Therefore, there is nothing about the instant offense which suggests that Mr. Peterson could pose any danger to the community.

    6.    Moreover, Mr. Peterson's background indicates that he poses no danger to the community.  According to the Pretrial Services Report, Mr. Peterson has never previously been convicted for a violent offense.  In fact, the Pretrial Services Report indicates that the majority of Mr. Peterson's convictions are for petty misdemeanor offenses.  Based on Mr. Peterson's criminal record, he certainly does not pose a danger to the community.

    7.    In addition to posing no danger to the community, Mr. Peterson's appearance in court

can be reasonably assured by means other than pretrial detention. Although the Pretrial Services Report indicates that Mr. Peterson has been convicted for "Escape" on two occasions[1] and for a Bail Act Violation on one occasion, all such conduct occurred more than seven years ago. Mr. Peterson's more recent history indicates that he will appear in court when requested and that he will not attempt to flee.

8.   Mr. Peterson's lifetime residency in the District of Columbia area and his strong family ties in the area are additional factors indicating that he will appear in court when required.[2] At the time of his arrest, Mr. Peterson was employed at two separate locations. Mr. Peterson worked as an Assistant Manger in the flower shop at Giant Food Stores and he worked as a Senior Health Educator at Transgender Health Empowerment.[3]

9.   As indicated above, Mr. Peterson neither poses any threat to the safety of the community nor any risk of flight. Therefore, pursuant to 18 U.S.C. § 3142, the Court is required to release Mr. Peterson under the "least restrictive" condition or combination of conditions that the Court determines will reasonably assure the safety of the community and Mr. Peterson's appearance in court. In order to satisfy the court's statutory obligations, Mr. Peterson requests that he be

---

[1] Defense counsel understands that the alleged 1997 "Escape" may relate to a shoplifting incident rather than an escape from a setting such as a jail or halfway house. Additionally, defense counsel understands that the offense listed in the Pretrial Services Report as a 1999 "Escape" involved a walk away from a halfway house and that the correct offense of conviction is for a misdemeanor Breach of Contract charge.

[2] Mr. Peterson's local family members include his mother, sister, four brothers, nephews and nieces.

[3] Undersigned counsel has been able to verify Mr. Peterson's employment through both employers.

released under Pretrial Services High Intensity Supervision Program (HISP).[4] Consistent with the support Mr. Peterson receives from his family members, he may live with his mother in the District of Columbia if released. Upon release, Mr. Peterson will immediately resume work at his two jobs.[5]

WHEREFORE, for these reasons and any such reasons that shall appear to the Court, the defendant, Thomas E. Peterson, Jr., respectfully requests that his motion be granted. Mr. Peterson further requests that this motion be considered at his status hearing on June 28, 2007.

Respectfully Submitted,

A.J. KRAMER
Federal Public Defender


_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W., #550
Washington, D.C. 20004
(202) 208-7500

---

[4] As the court is aware, the HISP program requires defendants to report to Pretrial Services frequently and requires defendants to adhere to a curfew which is electronically monitored.

[5] Mr. Peterson's supervisor at Giant Food Store described Mr. Peterson as "an excellent worker" and recently advised undersigned counsel that Mr. Peterson will probably be allowed to resume his job in the flower shop if he is released. With regard to Mr. Peterson's job at Transgender Health Empowerment, a representative from the agency advised undersigned counsel that Mr. Peterson will likely be allowed to return to work if funding is available. This representative also described Mr. Peterson as good worker.