UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-135 (JDB) |
| | : | |
| v. | : | |
| | : | |
| THOMAS PETERSON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER
ORDER OF DETENTION**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's motion to reconsider Magistrate Judge Kay's order of detention. As grounds for this Opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the Motion:

**FACTUAL BACKGROUND**

1. On May 7, 2007, the Defendant appeared before Magistrate Judge Alan Kay for a consolidated detention and preliminary hearing. United States Park Police Officer Peter Ward testified, and Magistrate Judge Kay found probable cause to believe that the Defendant committed an offense under the Controlled Substances Act for which a maximum period of incarceration of ten years or more is prescribed. Additionally, Magistrate Judge Kay found by clear and convincing evidence that the defendant is a danger to the community. Magistrate Judge Kay further found by a preponderance of the evidence that the defendant is a serious flight risk, and based on these findings, Magistrate Judge Kay ordered the defendant held without bond.

2. On May 24, 2007, the defendant was indicted on two separate counts of unlawful possession with intent to distribute five grams or more of cocaine base, in violation of Title 21,

United States Code, Sections 841 (a)(1) and (b)(1)(B)(iii). Count one of the indictment relates to an incident which occurred on April 20, 2007, in which the police, having received a tip from a confidential source, recovered approximately 28 grams of cocaine base from the car the defendant was driving. Count two of the indictment relates to an incident which occurred five days later, on April 25, 2007, during which the police recovered approximately 68 grams of cocaine base from the defendant's apartment when they executed a search warrant.

## ARGUMENT

    A.    Legal Standard

    1. The Bail Reform Act requires the Court to consider both the defendant's dangerousness to the community and his risk of flight. See generally 18 U.S.C § 3142. In evaluating the defendant's dangerousness to the community and his risk of flight, the Court must consider (1) the nature and circumstances of the offenses charged, including whether the offenses charged involve narcotics; (2) the weight of the evidence against the defendant; (3) the nature and seriousness of the danger to the community which may result from the defendant's release; and (4) the history and characteristics of the defendant. See U.S. v. Chase, 797 F.Supp. 40, 41-42 (D.C. 1992); see also 18 U.S.C. § 3142(g).

    2. Upon a finding of clear and convincing evidence that the defendant is a danger to the community, the Court "shall order" the pre-trial detention of the defendant. See 18 U.S.C § 3142(e). Although the Bail Reform Act does not alter the presumption of innocence afforded the defendant, there exists a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community where the Court finds that there is probable cause to believe that the defendant has committed a serious drug

felony offense as defined in 18 U.S.C. § 3142(f).  See 18 U.S.C. § 3142(e) and (j).

    B.    <u>Analysis</u>

    1.  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of any person or the community.  Here, Magistrate Judge Kay considered the government's evidence, including the testimony of United States Park Police Officer Ward, and correctly found that there is probable cause that the defendant committed at least one serious drug felony offense.  Moreover, the grand jury ultimately indicted the defendant on two serious drug felony offenses.  The fact that there is probable cause to believe the defendant committed the narcotics offenses with which he is charged in this case creates the presumption that he is a danger to the community and a flight risk.

    2.  The defendant has failed to rebut the presumption that he should remain detained. Consideration of the statutory factors outlined in 18 U.S.C. § 3142(g) illustrates this point.  First, the nature and circumstances of the offenses charged are serious and involve narcotics.  Here, the defendant is charged with two separate counts of unlawful possession with intent to distribute five or more grams of cocaine base.  Second, the weight of the evidence against the defendant is strong. The police received information from a confidential source which led to the recovery of cocaine base in the car in which the defendant was driving, and thereafter, the police executed a warrant at the defendant's apartment where they recovered additional cocaine base.  As already noted, there is probable cause to believe that the defendant committed both offenses with which he is charged. Third, the nature and seriousness of the danger that the defendant poses, should he be released, is significant.  The defendant is currently on probation for a 2006 distribution of cocaine case, and his prior period of probation was revoked in a 1998 BRA violation case.  These factors alone suggest

that the defendant is either unable or unwilling to comply with release conditions, making him a danger to the community if released. Additionally, the defendant was convicted of Escape from Custody in 1997 and Escape from an Institution in 1999, evidencing the defendant's history of evading authorities. Finally, the defendant's history and characteristics support his continued detention. The defendant has a criminal history that spans more than 10 years, at least 10 prior convictions, and a history of violating post-trial supervision release conditions, notwithstanding his "lifetime residency" in D.C. and "strong family ties." See Defendant's Motion at 3. Consideration of all these factors support Magistrate Judge Kay's finding that no conditions of release could reasonably assure the safety of the community and the defendant's appearance, and the defendant has failed to provide any new evidence that rebuts the presumption that he should remain detained.

## CONCLUSION

WHEREFORE, the United States respectfully submits that Defendant's Motion to Reconsider Order of Detention should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

PRECIOUS MURCHISON
Assistant United States Attorney
Maryland Bar
555 Fourth Street, N.W.
Room 4840
Washington, D.C. 20530
(202) 307-6080
precious.murchison@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-135 (JDB)** |
| | : | |
| v. | : | |
| | : | |
| **THOMAS PETERSON,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

WHEREUPON, having considered Defendant's Motion to Reconsider Order of Detention, the Government's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007, hereby

ORDERED, that the Defendant's Motion is hereby DENIED.

Date:_____

JOHN D. BATES
UNITED STATES DISTRICT JUDGE

cc:

Precious Murchison
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Tony W. Miles, Esq.
Federal Public Defender Service
625 Indiana Avenue, N.W., #550
Washington, D.C. 20004