## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

    v.                       : CR. CASE NO. 07-135 (JDB)

THOMAS PETERSON           :

### MOTION TO SUPPRESS EVIDENCE ALLEGEDLY RECOVERED FROM VEHICLE

Thomas Peterson moves this Court for an order suppressing any and all evidence seized as a result of his encounter with law enforcement officers on April 20, 2007 on the basis that the warrantless stop, search and arrest involved in his case violated his Fourth Amendment rights under the United States Constitution protecting him against unreasonable searches and seizures.[1]  Such evidence includes, but is not limited to, suspected cocaine base.

### INTRODUCTION

A two Count indictment was filed in the instant case on May 24, 2007.  Count One of the indictment charges Mr. Peterson with unlawfully possessing with the intent to distribute five grams or more of cocaine base on April 20, 2007.  In Count Two, Mr. Peterson is charged with another narcotics related offense which allegedly took place on April 25, 2007.  The instant motion relates only to the alleged April 20, 2007 offense which is charged in Count One.[2]

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Peterson's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

[2] Mr. Peterson is seeking suppression of the evidence allegedly recovered in connection with Count Two in a separate motion.

**STATEMENT OF FACTS**[3]

On April 20, 2007, law enforcement officers initiated contact with Mr. Peterson and two

other individuals in the area of Massachusetts Ave. and 3rd Street, Northwest, Washington, D.C..

The police allege that all three persons were occupants of a silver colored Chevrolet Impala.

Without obtaining a warrant, police officers stopped the vehicle in which Mr. Peterson was allegedly

riding, seized Mr. Peterson and the other occupants and searched the vehicle.  As a result of this

search, officers claim to have found suspected cocaine base in the vehicle.  Mr. Peterson and the

other individuals were all arrested and transported to a police station in the District of Columbia.

Mr. Peterson is now being charged by indictment with unlawfully possessing with the intent to

distribute cocaine base as a result of this April 20, 2007 incident.  Mr. Peterson asserts that the

officers did not have probable cause, or any other valid exception to the warrant requirement, to

search the vehicle or to stop, search or seize Mr. Peterson.

**ARGUMENT**

**I.      THE EVIDENCE SHOULD BE SUPPRESSED BECAUSE THE WARRANTLESS
SEARCH AND SEIZURE INVOLVING MR. PETERSON VIOLATED HIS FOURTH
AMENDMENT RIGHTS.**

The Fourth Amendment of the United States Constitution requires that all searches and

seizures, including searches and seizures of the person, be "reasonable."  See also Vernonia School

District 47J v. Acton, 515 U.S. 646 (1995).  In order for warrantless searches and seizures to be

"reasonable," they must be supported by a limited exception such as probable cause.  See New Jersey

v. T.L.O., 469 U.S. 325, 341-342 (1985).  In the instant case, the stop and search of the vehicle and

any searches and seizures of Mr. Peterson were unreasonable considering that such action was taken

---

[3]This statement of facts is a summary based on statements made in police reports
connected with this case.

by law enforcement officers without the existence of probable cause or based on any other legitimate exception to the warrant requirement.

For these reasons, the stop, searches and seizure involving Mr. Peterson and the vehicle violated the Fourth Amendment of the United States Constitution.  Since exclusion of any evidence recovered as a result of a Fourth Amendment violation is the proper remedy in such circumstances,[4] Mr. Peterson requests that the alleged cocaine base and any other items allegedly recovered as a result of the April 20, 2007 encounter be suppressed.

## II.    THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE SEIZURE OF MR. PETERSON.

As discussed above, Mr. Peterson asserts that the warrantless stop, search and seizure involved in this case violated his rights under the Fourth Amendment.  In such cases, the government has the burden of showing probable cause for a warrantless seizure.  Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980).  See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958).  The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officer at the time he seized Mr. Peterson justified that seizure.  United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949).

## III.   THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE STOP AND ANY SEARCH INVOLVING MR.  PETERSON.

Because the stop and any search involving Mr. Peterson were conducted without a warrant, the government bears the burden of proving that such conduct was legal.  Coolidge v. New

---

[4]See Wong Sun v. United States, 371 U.S. 471 (1963).

Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971) (plurality opinion). Furthermore,

searches conducted without prior judicial approval through the issuance of a search warrant are per

se deemed to be unreasonable. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576

(1967). Although certain exceptions to the warrant requirement have developed, these exceptions

are "jealously and carefully drawn." Jones v. United States, 357 U.S. 493, 499, 78 S.Ct. 1253, 1257,

2 L.Ed. 2d 1514 (1957).

## CONCLUSION

For the foregoing reasons, Mr. Peterson claims that the stop, searches and seizures involved

in this case unlawfully violated his rights under the Fourth Amendment. If the government

disagrees, it should be required to justify the stop, searches and seizures involved in this case at an

evidentiary hearing. If it cannot do so, Mr. Peterson respectfully requests that this Court suppress

all evidence seized, and fruits thereof, as a result of the unconstitutional stop, search and seizure.

Mr. Peterson respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No. 07-135 (JDB)** |
| | **:** | |
| **THOMAS PETERSON** | **:** | |
| | **:** | |

**ORDER**

_____Upon consideration of defendant's Motion to Suppress Evidence Allegedly Recovered From

Vehicle, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; and it is

     **FURTHER ORDERED** that all evidence seized in connection with Count One of the

Indictment in this case shall be suppressed.

     **SO ORDERED**.



_____  THE HONORABLE JOHN D. BATES
                            UNITED STATES DISTRICT JUDGE



DATE:

Copies to:
AFPD Tony W. Miles
AUSA Precious Murchison