UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 07-135 (JDB) |
| | : |
| THOMAS PETERSON | : |

## MOTION TO SUPPRESS EVIDENCE ALLEGEDLY
## SEIZED FROM RESIDENCE

Thomas Peterson, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fourth and Fifth Amendments to the United States Constitution, to suppress as evidence against him at trial all evidence allegedly taken from a residence located on Allison Street in Washington, D.C. after the execution of a search warrant on April 25, 2007. An evidentiary hearing on this motion is respectfully requested.

As grounds for this motion, Mr. Peterson, through counsel, states:

1.  A two Count indictment was filed in the instant case on May 24, 2007. Count One of the indictment charges Mr. Peterson with unlawfully possessing with the intent to distribute five grams or more of cocaine base on April 20, 2007. In Count Two, Mr. Peterson is charged with unlawfully possessing with the intent to distribute five grams or more of cocaine base on April 25, 2007. The instant motion seeks suppression of all evidence which was allegedly recovered in connection with the alleged April 25, 2007 offense which is charged in Count Two.[1]

2.  With regard to the April 25, 2007 incident, police officers allege that they entered and searched a residence located on Allison Street pursuant to a search warrant which was

---

[1] Mr. Peterson is seeking suppression of the evidence allegedly recovered in connection with Count One in a separate motion.

obtained from a judicial officer with the Superior Court for the District of Columbia. Police officers allege that Mr. Peterson and another adult male were present in the residence at the time of the search and that various items were recovered in the residence which support the government's claim that Mr. Peterson committed the offense charged in Count Two of the indictment. Such items include, but are not limited to, suspected cocaine base, suspected drug paraphernalia, mail matter and United States currency.

## ARGUMENT

**I.   THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT DOES NOT ESTABLISH PROBABLE CAUSE TO SEARCH THE PREMISES**

The search warrant is defective because the facts, as recited in the affidavit, do not establish probable cause to believe that there was any contraband located at the Allison Street residence on April 25, 2007. The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." Under the Fourth Amendment, probable cause "exists where the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed." Berger v. New York, 388 U.S. 41, 55 (1967). The affidavit submitted in support of the search warrant in this case does not allege facts that establish probable cause to believe that, on April 25, 2007, there was contraband within the searched residence. The affidavit does not state that anyone had ever seen, or even had any specific information that, illegal drugs, drug paraphernalia, firearms, or any other piece of illegal contraband were ever located inside the

Allison Street residence at any time. Rather, the affidavit simply asserts that, on April 19, 2007, a confidential informant gave the police a description of an individual the informant claims "engaged in narcotics distribution" and that the police later identified this individual as Thomas Peterson. The affidavit further states that police officers conducted a traffic stop on the car in which Mr. Peterson and two others were riding on April 20, 2007. As a result of this stop, according to the affidavit, suspected cocaine base was recovered from inside the vehicle and all three occupants were arrested. The affidavit also provides information concerning the various sources relied upon by law enforcement which caused them to conclude that Mr. Peterson lives at the Allison Street address which is at issue in this case. Mr. Peterson contends that his arrest following the alleged recovery of cocaine base from inside the vehicle does not adequately show probable cause to believe that the Allison Street residence contained drugs or any other evidence of crime. Therefore, all evidence seized as a result of the execution of the April 25, 2007 search warrant in connection with this case must be suppressed.

II. **ALL EVIDENCE ALLEGEDLY SEIZED FROM ALLISON STREET RESIDENCE MUST BE SUPPRESSED AS POISONOUS FRUITS OF UNLAWFUL SEARCH AND SEIZURE IN CONNECTION WITH APRIL 20, 2007 ARREST.**

As discussed in more detail in a separate motion, Mr. Peterson asserts that law enforcement officers violated the Fourth Amendment to the United States Constitution when they unlawfully stopped and searched the vehicle in which he was riding on April 20, 2007. Because the April 20, 2007 incident forms the basis for the issuance of the search warrant in relation to the Allison Street residence, all evidence seized from the Allison Street residence on April 25, 2007 as a result of the execution of the search warrant must be suppressed as poisonous fruits of

the April 20, 2007 encounter.  See Taylor v. Alabama, 457 U.S. 687 (1982); Dunaway v. New York, 442 U.S. 200, 220 (1979); Wong Sun v. United States, 371 U.S. 471 (1963).

### III.     ALL EVIDENCE SHOULD BE SUPPRESSED FOR FAILURE TO COMPLY WITH THE PROVISIONS OF 18 U.S.C. 3109

The government also must prove that the police officers executing the search warrant relating to this case complied with the "knock and announce" provisions of 18 U.S.C. § 3109, which only permits officers to force entry to execute a search warrant after having given notice of their authority and purpose and having been refused admittance.  Unless the government can prove that the officers executing the April 25, 2007 search warrant at the Allison Street residence complied with 18 U.S.C. § 3109, this court should suppress all evidence seized at the Allison Street residence.

**WHEREFORE**, for all the foregoing reasons, and for any other reasons this Court may deem just and proper, Thomas Peterson, through counsel, respectfully requests that this Motion be granted and that this Court suppress all evidence seized as a result of the search related to this case which took place on April 25, 2007.

Respectfully submitted,

A. J. KRAMER
Federal Public Defender

          /s/
TONY W. MILES
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. 07-135 (JDB)** |
| | : | |
| **THOMAS PETERSON** | : | |
| | : | |

## ORDER

_____Upon consideration of defendant's Motion to Suppress Evidence Allegedly Recovered From Residence, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; and it is

**FURTHER ORDERED** that all evidence seized in connection with Count Two of the Indictment in this case shall be suppressed.

**SO ORDERED**.

_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE

DATE:

Copies to:
AFPD Tony W. Miles
AUSA Precious Murchison