IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. CASE NO. 07-135 (JDB) |
| THOMAS PETERSON | : |

**MOTION TO SUPPRESS STATEMENTS
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES
AND REQUEST FOR EVIDENTIARY HEARING**

Thomas Peterson, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial statements he allegedly made in connection to his arrest because they were obtained in violation of the Fourth Amendment; they were made in violation of his Fifth Amendment right under the United States Constitution and; they were involuntarily made. An evidentiary hearing on this motion is respectfully requested.

**INTRODUCTION**

A two Count indictment was filed in the instant case on May 24, 2007.  Count One of the indictment charges Mr. Peterson with unlawfully possessing with the intent to distribute five grams or more of cocaine base on April 20, 2007.  In Count Two, Mr. Peterson is charged with unlawfully possessing with the intent to distribute five grams or more of cocaine base on April 25, 2007. According to a police report the government provided to the defense, it is alleged that Mr. Peterson made statements to the police concerning his ties to a residence and to a specific bedroom from where the police allege illegal drugs were recovered.  While the government has not specifically informed the defense whether it intends to use such statements at trial, Mr. Peterson requests that such alleged statements be suppressed in the event the government seeks to admit this evidence at trial.

## ARGUMENT

### The Statements Must Be Suppressed as the Tainted Fruit of an Illegal Search and Seizure.

Mr. Peterson's alleged statements were made after his arrest in connection with the execution of a search warrant at a residence located on Allison Street in the District of Columbia. As discussed in separate motions, the search involving the Allison Street residence was unlawful.[1] Because Mr. Peterson's alleged statements are the tainted fruit of the unlawful search at the Allison Street residence, the statements must be suppressed because they are fruits of unlawful police conduct. See Taylor v. Alabama, 457 U.S. 687 (1982); Dunaway v. New York, 442 U.S. 200, 220 (1979); Wong Sun v. United States, 371 U.S. 471 (1963).

### Mr. Peterson's Alleged Statements Were Made in Violation of His Fifth Amendment Right Under the United States Constitution

Mr. Peterson's alleged statements were obtained in violation of his Miranda rights. Miranda v. Arizona, 384 U.S. 436 (1966). For that reason, they must be suppressed. There can be no finding that, when he allegedly made the statements at issue in this case, Mr. Peterson intentionally relinquished a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 464 (1938). See also Tague v. Louisiana, 444 U.S. 469, 471 (1980) (any waivers must be shown to be understanding).

### Mr. Peterson's Alleged Statements were Made Involuntarily

The government must prove by a preponderance of the evidence that Mr. Peterson's alleged statements were made voluntarily. Lego v. Twomey, 404 U.S. 777 (1972). The Court must consider

---

[1] The search at Allison Street was unlawful for two reasons. First, the search was unlawful because the affidavit in support of the search warrant did not establish probable cause to search the residence. Second, the search was unlawful because the police conduct which provided a factual basis for issuing the search warrant violated Mr. Peterson's rights under the United States Constitution.

the "totality of the circumstances" in deciding whether Mr. Peterson made any statements voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957). See also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967). Specifically, the Court must examine the efforts to overbear Mr. Peterson's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966); Culombe v. Connecticut, 367 U.S. 568, 607 (1961). The Court must examine Mr. Peterson's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his alleged statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980).

## CONCLUSION

For all the forgoing reasons, either one of which alone is sufficient to compel suppression of Mr. Peterson's alleged statements in this case, and for any other reasons this Court may deem just and proper, and which may appear in supplemental pleadings which Mr. Peterson explicitly reserves the right to file, Thomas Peterson, through counsel, respectfully requests that this motion be granted and that any statements allegedly made by him be suppressed as evidence against him at trial.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : Criminal No. 07-135 (JDB) |
| | : |
| **THOMAS PETERSON** | : |
| | : |

**ORDER**

_____Upon consideration of defendant's Motion to Suppress Statements, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; and it is

 **FURTHER ORDERED** that all statements allegedly made by Mr. Peterson shall be

suppressed.

 **SO ORDERED**.


                THE HONORABLE JOHN D. BATES
                UNITED STATES DISTRICT JUDGE


DATE:

Copies to:
AFPD Tony W. Miles
AUSA Precious Murchison