IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     :

v.                           :   CR. CASE NO. 07-135 (JDB)

THOMAS PETERSON              :

**SECOND MOTION TO SUPPRESS STATEMENTS
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES
AND REQUEST FOR EVIDENTIARY HEARING**

Thomas Peterson, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial statements he allegedly made in connection to his arrest because they were obtained in violation of the Fourth Amendment; they were made in violation of his Fifth Amendment right under the United States Constitution and; they were involuntarily made. An evidentiary hearing on this motion is respectfully requested.

**INTRODUCTION**

A two Count indictment was filed in the instant case on May 24, 2007. Count One of the indictment charges Mr. Peterson with unlawfully possessing with the intent to distribute five grams or more of cocaine base on April 20, 2007. In Count Two, Mr. Peterson is charged with unlawfully possessing with the intent to distribute five grams or more of cocaine base on April 25, 2007. The Assistant United States Attorney handling Mr. Peterson's case recently provided oral notice that police officers allege that Mr. Peterson made statements in relation to the April 20, 2007 offense charged in Count One of the indictment. Undersigned counsel understands that police officers may claim that Mr. Peterson made statements regarding suspected narcotics recovered from the vehicle as well as statements regarding Mr. Peterson's ties to the vehicle. Although it was not made clear whether the government will seek to introduce these alleged statements, Mr. Peterson seeks to suppress such evidence in the event the government seeks to admit the statements at trial.

## ARGUMENT

### The Statements Must Be Suppressed as the
### Tainted Fruit of an Illegal Search and Seizure.

Because the government alleges that Mr. Peterson made the alleged statements at issue in this motion in connection with a search and seizure which the defense believes was unlawful,[1] the statements must be suppressed because they are fruits of unlawful police conduct. See Taylor v. Alabama, 457 U.S. 687 (1982); Dunaway v. New York, 442 U.S. 200, 220 (1979); Wong Sun v. United States, 371 U.S. 471 (1963).

### Mr. Peterson's Alleged Statements Were Made in
### Violation of His Fifth Amendment
### Right Under the United States Constitution

Mr. Peterson's alleged statements were obtained in violation of his Miranda rights. Miranda v. Arizona, 384 U.S. 436 (1966). For that reason, they must be suppressed. There can be no finding that, when he allegedly made the statements at issue in this case, Mr. Peterson intentionally relinquished a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 464 (1938). See also Tague v. Louisiana, 444 U.S. 469, 471 (1980) (any waivers must be shown to be understanding).

### Mr. Peterson's Alleged Statements were Made Involuntarily

The government must prove by a preponderance of the evidence that Mr. Peterson's alleged statements were made voluntarily. Lego v. Twomey, 404 U.S. 777 (1972). The Court must consider the "totality of the circumstances" in deciding whether Mr. Peterson made any statements voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957). See also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S.

---

[1] Discussion concerning the unlawful search and seizure is addressed in a separate motion.

707 (1967). Specifically, the Court must examine the efforts to overbear Mr. Peterson's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966); Culombe v. Connecticut, 367 U.S. 568, 607 (1961). The Court must examine Mr. Peterson's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his alleged statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980).

## CONCLUSION

For all the forgoing reasons, either one of which alone is sufficient to compel suppression of Mr. Peterson's alleged statements in this case, and for any other reasons this Court may deem just and proper, and which may appear in supplemental pleadings which Mr. Peterson explicitly reserves the right to file, Thomas Peterson, through counsel, respectfully requests that this motion be granted and that any statements allegedly made by him be suppressed as evidence against him at trial.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


             /s/
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **Criminal No. 07-135 (JDB)** |
| : | |
| **THOMAS PETERSON** : | |
| : | |

### ORDER

      Upon consideration of defendant's Motion to Suppress Statements, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; and it is

      **FURTHER ORDERED** that all statements allegedly made by Mr. Peterson shall be

suppressed.

      **SO ORDERED**.


THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE



DATE:

Copies to:
AFPD Tony W. Miles
AUSA Precious Murchison