## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 07-135 (JDB)** |
| | ) | |
| **THOMAS PETERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### DEFENDANT'S MOTION AND INCORPORATED MEMORANDUM FOR SEVERANCE OF COUNTS

Thomas Peterson, through undersigned counsel, moves this court, pursuant to

Fed. R. Crim. P. 8(a) and 14(a), to sever count one from count two of the indictment.

The grounds for this motion are more fully set forth in the Argument below.

### ARGUMENT

### I.  Severance is Required Under Rule 8.

Federal Rule of Criminal Procedure 8(a) provides that:

> The indictment or information may charge a defendant in separate counts
> with 2 or more offenses if the offenses charged . . . are of the same or
> similar character, or are based on the same act or transaction, or are
> connected with or constitute parts of a common scheme or plan.

In Mr. Peterson's case, there are no facts set forth in the indictment which would permit

the Court, at this juncture, to conclude that any of the requirements for Rule 8(a) joinder

have been met.  Unless the government can show that the requirements of Rule 8(a)

are met, Mr. Peterson requests that the court sever Count One from Count two.

### II.  Severance is Necessary Under Rule 14 to Avoid Undue Prejudice.

Even in cases where joinder of particular counts is permissible under Rule 8(a), if

the defendant moves pursuant to Fed. R. Crim. P. 14 and shows prejudice, the court

should either order an election by the government or grant separate trials.  Drew v.

United States, 331 F.2d 85, 87 (D.C. Cir. 1964); United States v. Johnson, 820 F.2d

1065, 1070 (9th Cir. 1987).  Under Fed. R. Crim. P. 14 severance must be granted;

> If it appears that a defendant or the government is prejudiced by joinder of offenses...in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, ... or provide whatever relief justice requires.

The danger of mass joinder is that criminal disposition and guilt may be inferred just by

the sheer number of charges.

> It is a principle of long standing in our law that evidence of one crime is inadmissible to prove disposition to commit crime, from which the jury may infer that the defendant committed the crime charged.  Since the likelihood that juries will make such proper inference is high, courts presume prejudice and exclude evidence of other crimes unless the evidence can be admitted for some substantial, legitimate purpose.  The same dangers appear to exist when two crimes are joined for trial, and the same principles of prophylaxis are applicable.

Drew v. United States, 331 F.2d 85, 89 (D.C. Cir. 1964); see United States v. Shelton,

628 F.2d 54 (D.C. Cir. 1980).  Joinder of offenses may prejudice a defendant in a

variety of ways.  For instance, "(1) [a defendant] may become embarrassed or

confounded in presenting separate defenses; (2) the jury may use the evidence of one

of the crimes charged to infer a criminal disposition on the part of the defendant from

which is found his guilt of the other crime or crimes charged; or (3) the jury may

cumulate the evidence of the various crimes charged and find guilt when, if considered

separately, it would not so find."  Johnson, 820 F.2d at 1070; (quoting Drew 331 F.2d

85, 88).

Since other criminal activity is presumptively inadmissable pursuant to Fed. Rule

Evid. 404(b), the government should be required to show reasons why each of the

crimes charged should be tried together.  There appears to be no justification for

combining the charges contained in the indictment in the instant case.  Any evidence possessed by the government on one count would be inadmissible as evidence of guilt on the other count because such evidence would not relate to motive, intent, absence of mistake, common scheme or plan, or identity as required by Fed. Rule Evid. 404(b).

Charging the defendant with multiple counts can further prejudice the defendant by creating a latent feeling of hostility towards the defendant.  Id.  The jury may be unable to presume the defendant's innocence due to the multiple charges.  The jury may consider that the defendant must be "a criminal" to have been charged with multiple counts.  United States v. Ragghianti, 527 F.2d 586, 587 (9th Cir. 1976).

The type of prejudice described in Drew is particularly problematic in Mr. Peterson's case.  If Count One is not severed from Count Two for separate trials, the jury may use any evidence offered on one count and infer a criminal disposition to commit the offense in the other count.  Without severance, Mr. Peterson risks the jury confusing or cumulating any evidence presented on one count as evidence of guilt on the other count.  Such confusion subjects Mr. Peterson to the danger of being convicted when he would be acquitted if the counts were tried separately or the possibility of being convicted of individual counts which he would be acquitted of in separate trials.

Therefore, for the foregoing reasons, and any others which may appear to the court, Mr. Peterson requests severance of Count One from Count Two of the indictment.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


                /s/
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202)  208-7500

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**                    )

          **v.**                    ) **CR. NO.  07-135 (JDB)**

**THOMAS PETERSON**                    )

## O R D E R

_____Upon consideration of defendant Peterson's Motion to Sever Counts and the

Incorporated Memorandum of Points and Authorities and the Government's Opposition

thereto,  it is this _____ day of _____, 2007 hereby

      **ORDERED** that defendant Peterson's Motion to Sever Counts is granted.


                           _____

                           JOHN D. BATES
                           UNITED STATES DISTRICT JUDGE

Copies to:

Tony W. Miles, AFPD
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004

Precious Murchison, AUSA
555 - 4th Street, N.W.
Washington, D.C.  20001