UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 07-135 (JDB) |
| | : | |
| v. | : | |
| | : | Motions Hearing: August 31, 2007 |
| **THOMAS PETERSON,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court pursuant to Fed. R. Crim. P. 45(b)(1)(B) for an enlargement of time in which to file its Opposition to Defendant's Motion and Incorporated Memorandum for Severance of Counts filed August 15, 1007, time for filing having expired. As grounds for this motion, the government states as follows:

1. The Court issued a Motions Scheduling Order on July 20, 2007, directing the Defendant to file any motions no later than August 2, 2007, the government to file its response no later than August 16, 2007, and the Defendant to file any reply no later than August 27, 2007. An evidentiary motions hearing is scheduled for Friday, August 31, 2007.

2. On August 2, 2007, the Defendant filed several motions to suppress statements and evidence and on August 15, 2007, the Defendant filed an Unopposed Motion for Extension of Time to file an additional pre-trial motion, which the Court granted. On August 15, 2007, the Defendant filed a Motion and Incorporated Memorandum for Severance of Counts.

3. Due to the press of other obligations, including administrative responsibilities and counsel's trial and court schedule, undersigned counsel was unable to timely prepare and file the government's Opposition to the Defendant's Motion to Sever. Last week, undersigned counsel was

in trial before Judge Kessler, and counsel is currently preparing for a trial that is scheduled to begin next week before this Court.

4. Undersigned counsel has informed counsel for the Defendant that the government anticipates filing an Opposition, and defense counsel has indicated that he has "no opposition to the government taking whatever time it needs in order to respond to the late-filed Motion to Sever." See Defendant's Unopposed Motion for Extension; ECF Document 15 at 1. Accordingly, the Defendant would not be prejudiced by the Government's late filing its Opposition in this case.

WHEREFORE, for the reasons stated above, the United States respectfully requests that the Government's Motion for Enlargement of Time be granted and that the Court permit the Government to file its Opposition to Defendant's Motion to Sever by close of business on August 29, 2007.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

      /s/
PRECIOUS MURCHISON
Assistant United States Attorney
Maryland Bar
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-6080
Precious.Murchison@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 07-135 (JDB) |
| | : | |
| v. | : | |
| | : | Motions Hearing: August 31, 2007 |
| **THOMAS PETERSON,** | : | |
| | : | |
| **Defendant.** | : | |

### ORDER

UPON CONSIDERATION of the Government's Unopposed Motion For Enlargement of Time to file its Opposition to Defendant's Motion to Sever, Time for Filing Having Expired, and the record herein, the Court finding that the government's failure to file its Opposition within the appropriate time period was because of excusable neglect on the part of the government, for the reasons set forth in the Government's motion, and for good cause shown, it is

ORDERED, that the Government's Motion is GRANTED, and it is

FURTHER ORDERED, that the Government's Opposition be filed no later than August 29, 2007.

_____          _____
DATE                                                       JOHN D. BATES
                                                                   UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-135 (JDB) |
| v. : | |
| : | Motions Hearing:   August 31, 2007 |
| THOMAS PETERSON, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION AND
INCORPORATED MEMORANDUM FOR SEVERANCE OF COUNTS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion and Incorporated Memorandum for Severance of Counts. As grounds for this Opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the motions:

**FACTUAL BACKGROUND**

On May 24, 2007, the Defendant was charged by Indictment with two separate counts of Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii). The first count arises from an arrest on April 20, 2007, and the second count arises from the execution of a search warrant at the Defendant's apartment five days later on April 25, 2007.

On April 20, 2007, following a traffic stop of a car the Defendant was driving, the police recovered nine, individually wrapped "8 balls" and more than 50 separate, small zip locks of cocaine base with a combined net weight of 28.7 grams. On April 25, 2007, the police executed a search warrant at the Defendant's Allison Street, Northwest, apartment where they recovered 40.7 grams of cocaine base from a bedroom the defendant had identified as his own. Additionally, the police recovered numerous empty zip lock bags, a digital scale, a pen barrel, a razor, and rubber gloves

from the Defendant's bedroom.

The Defendant now moves to sever count one from count two of the Indictment. Defendant's motion is without merit and should be denied.

## ARGUMENT

I.  Joinder is Proper Under Fed. R. Crim. P. 8(a).

Fed. R. Crim. P. 8(a) controls joinder of offenses and provides that two or more offenses may be joined in the same indictment if the offenses "are of the same or similar character or are based upon the same act of transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Id.; United States v. Perry, 731 F.2d 985, 989 (D.C. Cir. 1984); Unites States v. Jackson, 562 F.2d 789, 793-94 (D.C. Cir. 1977). This Circuit construes Rule 8 broadly in favor of joinder. See United States v. Gibbs, 904 F.2d 52, 56 (D.C. Cir. 1990). ("[T]his court . . . has repeatedly declared that joint trials may be preferred, given the heavy and increasing criminal case load in our trial courts."). Perry, 731 F.2d at 991; see also United States v. Hines, 455 F.2d 1317, 1334 (D.C. Cir. 1971), cert. denied 406 U.S. 975 (1972). In determining whether the two offenses charged in the Indictment are "connected" under Rule 8(a), this Court should evaluate whether there is a "logical relationship" between them and/or whether there is "a substantial overlap of issues and evidence." Perry, 731 F.2d at 990. The offenses in this case are both connected and logically related.

First, the April 20 and 25, 2007, incidents are both drug trafficking offenses and are thus of the "same or similar character." See United States v. Rousseau, 257 F.3d 925, 932 (9th Cir. 2001) (holding that two separate felon in possession of a firearm counts were "of a same or similar character and therefore were joined properly"); United States v. Janus Industries, 48 F.3d 1548, 1557

(10th Cir. 1995) (holding that separate drug offenses "in violation of the same comprehensive act" were of the "same or similar character" and thus properly joined for trial).

Second, both counts of the Indictment are logically related to the Defendant's overall narcotics trafficking activity. The two drug offenses occurred only five days apart. See United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994) (holding that district court did not abuse its discretion in refusing to sever two drug offenses that occurred six months apart) (relying on United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979)). But for the April 20, 2007 offense, the Defendant would not have been arrested, and the police would not have sought a search warrant when they did. The very impetus for the execution of the search warrant at the Defendant's residence on April 25, 2007, was the Defendant's arrest for the narcotics violation five days earlier. Moreover, the police recovered evidence of the Defendant's drug trafficking in the Defendant's residence, including cocaine base, drug paraphernalia, and drug trafficking tools such as a scale, razor, and rubber gloves. These two offenses are both factually and logically related.

Furthermore, there is "substantial overlap of issues and evidence" for each drug trafficking offense. Evidence of one count would be admissible in a separate trial of the other count in order to show, *inter alia*, the Defendant's planning and preparation, knowledge, and intent. See Fed. R. Evid. 404(b); United States v. Drew, 331 F.2d 85 (D.C. Cir. 1964); see also United States v. Valentine, 984 F.2d 906, 910 (8th Cir. 1993). Accordingly, joinder under Fed. R. Crim. P. 8(a) is proper in this case.

   II.    Joinder of These Counts Does Not Result in Prejudice to the Defendant.

Fed. R. Crim. P. 14 provides relief from properly joined counts if it appears that the defendant is prejudiced by the joinder of offenses for trial. Id. In considering Rule 14 motions,

3

courts have employed a balancing test between "the economy of a single trial" and possible prejudice to the defendant. <u>Drew</u>, 331 F.2d at 88. The burden of demonstrating prejudice is a heavy one, and the defendant "must show something more than the fact that a separate trial might offer him a better chance of acquittal." <u>United States v. Ballis</u>, 28 F.3d 1399, 1408 (5th Cir. 1994). The risk of prejudice must be compelling. <u>United States v. Cross</u>, 928 F.2d 1030 (11th Cir. 1989). Where evidence necessary to demonstrate that a defendant committed one offense would be admissible in the trial for a second offense, the defendant is not prejudiced by a joint trial. <u>United States v. Kim</u>, 595 F.2d 755, 770 (D.C. Cir. 1979). To the extent that the Defendant seeks relief from prejudicial joinder pursuant to Rule 14 of the Federal Rules of Criminal Procedure, he has failed to meet his burden.

  First, as discussed *supra*, evidence of the facts underlying each offense would be admissible if counts one and two of the Indictment were tried separately. If the Court were to order separate trials on the two counts of the present Indictment, the government would seek to introduce evidence of Defendant's acts related to each offense under Rule 404(b). In sum, the evidence of either act charged would be admissible under 404(b) in separate trials, and, as such, the Defendant will face no greater prejudice in the present consolidated action.

  Second, the Defendant cannot overcome the dual presumptions that a jury will capably sort through the evidence and will follow any necessary limiting instructions from the Court to separately consider each count. <u>See</u> <u>United States v. Turner</u>, 93 F.3d 276, 284 (7th Cir. 1996). In other words, where, as here, adequate instructions are available, the Defendant cannot make out compelling prejudice. <u>United States v. West</u>, 877 F.2d 281 (4th Cir.), <u>cert. denied</u>, 493 U.S. 959 (1989).

Finally, severance is not warranted because the acts of the Defendant are separate and distinct. Though related, the two counts charged in the Indictment are separate offenses that occurred days apart, and at two separate locations. These differences will enable the government to target its presentation of the evidence to each individual count and make it less likely that a jury will aggregate the evidence presented. There is a strong preference for a consolidated trial that can be accomplished without substantial prejudice to a specific trial right of the defendant. See Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Manner, 887 F.2d 317, 324 (D.C. Cir. 1989), cert. denied, 493 U.S. 1062 (1990). Therefore, the Defendant's motion for severance should be denied.

## CONCLUSION

WHEREFORE, the United States respectfully submits that Defendant's Motion and Incorporated Memorandum for Severance of Counts should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

/s/
PRECIOUS MURCHISON
Assistant United States Attorney
Maryland Bar
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-6080

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-135 (JDB)** |
| | : | |
| v. | : | |
| | : | **Motions Hearing: August 31, 2007** |
| **THOMAS PETERSON,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

UPON CONSIDERATION of the Defendant's Motion and Incorporated Memorandum for Severance of Counts, the Government's Opposition thereto, and the record herein, and for the reasons set forth in the Government's Opposition and for good cause shown, it is

ORDERED, that the Defendant's Motion is DENIED.

_____     _____
DATE                                                JOHN D. BATES
                                                    UNITED STATES DISTRICT JUDGE