UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  07-135 (JDB) |
| v. : | |
| : | Motions Hearing:   August 31, 2007 |
| THOMAS PETERSON, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION AND
INCORPORATED MEMORANDUM FOR SEVERANCE OF COUNTS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion and Incorporated Memorandum for Severance of Counts.  As grounds for this Opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the motions:

**FACTUAL BACKGROUND**

On May 24, 2007, the Defendant was charged by Indictment with two separate counts of Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).  The first count arises from an arrest on April 20, 2007, and the second count arises from the execution of a search warrant at the Defendant's apartment five days later on April 25, 2007.

On April 20, 2007, following a traffic stop of a car the Defendant was driving, the police recovered nine, individually wrapped "8 balls" and more than 50 separate, small zip locks of cocaine base with a combined net weight of 28.7 grams.  On April 25, 2007, the police executed a search warrant at the Defendant's Allison Street, Northwest, apartment where they recovered 40.7 grams of cocaine base from a bedroom the defendant had identified as his own.  Additionally, the police recovered numerous empty zip lock bags, a digital scale, a pen barrel, a razor, and rubber gloves

from the Defendant's bedroom.

The Defendant now moves to sever count one from count two of the Indictment. Defendant's motion is without merit and should be denied.

## ARGUMENT

I.  Joinder is Proper Under Fed. R. Crim. P. 8(a).

Fed. R. Crim. P. 8(a) controls joinder of offenses and provides that two or more offenses may be joined in the same indictment if the offenses "are of the same or similar character or are based upon the same act of transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Id.; United States v. Perry, 731 F.2d 985, 989 (D.C. Cir. 1984); Unites States v. Jackson, 562 F.2d 789, 793-94 (D.C. Cir. 1977). This Circuit construes Rule 8 broadly in favor of joinder. See United States v. Gibbs, 904 F.2d 52, 56 (D.C. Cir. 1990). ("[T]his court . . . has repeatedly declared that joint trials may be preferred, given the heavy and increasing criminal case load in our trial courts."). Perry, 731 F.2d at 991; see also United States v. Hines, 455 F.2d 1317, 1334 (D.C. Cir. 1971), cert. denied 406 U.S. 975 (1972). In determining whether the two offenses charged in the Indictment are "connected" under Rule 8(a), this Court should evaluate whether there is a "logical relationship" between them and/or whether there is "a substantial overlap of issues and evidence." Perry, 731 F.2d at 990. The offenses in this case are both connected and logically related.

First, the April 20 and 25, 2007, incidents are both drug trafficking offenses and are thus of the "same or similar character." See United States v. Rousseau, 257 F.3d 925, 932 (9th Cir. 2001) (holding that two separate felon in possession of a firearm counts were "of a same or similar character and therefore were joined properly"); United States v. Janus Industries, 48 F.3d 1548, 1557

(10th Cir. 1995) (holding that separate drug offenses "in violation of the same comprehensive act" were of the "same or similar character" and thus properly joined for trial).

Second, both counts of the Indictment are logically related to the Defendant's overall narcotics trafficking activity. The two drug offenses occurred only five days apart. See United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994) (holding that district court did not abuse its discretion in refusing to sever two drug offenses that occurred six months apart) (relying on United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979)). But for the April 20, 2007 offense, the Defendant would not have been arrested, and the police would not have sought a search warrant when they did. The very impetus for the execution of the search warrant at the Defendant's residence on April 25, 2007, was the Defendant's arrest for the narcotics violation five days earlier. Moreover, the police recovered evidence of the Defendant's drug trafficking in the Defendant's residence, including cocaine base, drug paraphernalia, and drug trafficking tools such as a scale, razor, and rubber gloves. These two offenses are both factually and logically related.

Furthermore, there is "substantial overlap of issues and evidence" for each drug trafficking offense. Evidence of one count would be admissible in a separate trial of the other count in order to show, *inter alia*, the Defendant's planning and preparation, knowledge, and intent. See Fed. R. Evid. 404(b); United States v. Drew, 331 F.2d 85 (D.C. Cir. 1964); see also United States v. Valentine, 984 F.2d 906, 910 (8th Cir. 1993). Accordingly, joinder under Fed. R. Crim. P. 8(a) is proper in this case.

    II.    Joinder of These Counts Does Not Result in Prejudice to the Defendant.

Fed. R. Crim. P. 14 provides relief from properly joined counts if it appears that the defendant is prejudiced by the joinder of offenses for trial. Id. In considering Rule 14 motions,

courts have employed a balancing test between "the economy of a single trial" and possible prejudice to the defendant. Drew, 331 F.2d at 88. The burden of demonstrating prejudice is a heavy one, and the defendant "must show something more than the fact that a separate trial might offer him a better chance of acquittal." United States v. Ballis, 28 F.3d 1399, 1408 (5th Cir. 1994). The risk of prejudice must be compelling. United States v. Cross, 928 F.2d 1030 (11th Cir. 1989). Where evidence necessary to demonstrate that a defendant committed one offense would be admissible in the trial for a second offense, the defendant is not prejudiced by a joint trial. United States v. Kim, 595 F.2d 755, 770 (D.C. Cir. 1979). To the extent that the Defendant seeks relief from prejudicial joinder pursuant to Rule 14 of the Federal Rules of Criminal Procedure, he has failed to meet his burden.

First, as discussed *supra*, evidence of the facts underlying each offense would be admissible if counts one and two of the Indictment were tried separately. If the Court were to order separate trials on the two counts of the present Indictment, the government would seek to introduce evidence of Defendant's acts related to each offense under Rule 404(b). In sum, the evidence of either act charged would be admissible under 404(b) in separate trials, and, as such, the Defendant will face no greater prejudice in the present consolidated action.

Second, the Defendant cannot overcome the dual presumptions that a jury will capably sort through the evidence and will follow any necessary limiting instructions from the Court to separately consider each count. See United States v. Turner, 93 F.3d 276, 284 (7th Cir. 1996). In other words, where, as here, adequate instructions are available, the Defendant cannot make out compelling prejudice. United States v. West, 877 F.2d 281 (4th Cir.), cert. denied, 493 U.S. 959 (1989).

Finally, severance is not warranted because the acts of the Defendant are separate and distinct. Though related, the two counts charged in the Indictment are separate offenses that occurred days apart, and at two separate locations. These differences will enable the government to target its presentation of the evidence to each individual count and make it less likely that a jury will aggregate the evidence presented. There is a strong preference for a consolidated trial that can be accomplished without substantial prejudice to a specific trial right of the defendant. See <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993); <u>United States v. Manner</u>, 887 F.2d 317, 324 (D.C. Cir. 1989), <u>cert. denied</u>, 493 U.S. 1062 (1990). Therefore, the Defendant's motion for severance should be denied.

## CONCLUSION

WHEREFORE, the United States respectfully submits that Defendant's Motion and Incorporated Memorandum for Severance of Counts should be denied.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney
    D.C. Bar No. 498610

    /s/
    PRECIOUS MURCHISON
    Assistant United States Attorney
    Maryland Bar
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    (202) 307-6080

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 07-135 (JDB) |
| | : | |
| v. | : | |
| | : | **Motions Hearing: August 31, 2007** |
| **THOMAS PETERSON,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

UPON CONSIDERATION of the Defendant's Motion and Incorporated Memorandum for Severance of Counts, the Government's Opposition thereto, and the record herein, and for the reasons set forth in the Government's Opposition and for good cause shown, it is

ORDERED, that the Defendant's Motion is DENIED.

_____   _____
DATE                        JOHN D. BATES
                            UNITED STATES DISTRICT JUDGE