IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. CASE NO. 07-135 (JDB) |
| THOMAS PETERSON | : |

**SUPPLEMENTAL MOTION TO SUPPRESS STATEMENTS**

Thomas Peterson, through undersigned counsel, is offering an additional case citation for this court's consideration concerning the outstanding issue of whether Mr. Peterson was being interrogated for Miranda purposes when he allegedly made statements in the Allison Street residence on April 25, 2007.

While undersigned counsel did not find any specific cases which address the issue of whether questions such as "which room is yours" constitute "routine" booking questions, counsel did find a case regarding questions involving one's ownership to the searched premises. In United States v. Gaston, 357 F.3d 77 (D.C. Cir. 2004), the Court of Appeals for the District of Columbia Circuit held that a law enforcement officer may ask, as a routine booking question, an occupant of a searched premises whether the occupant owned the residence for the purpose of determining to whom to serve a copy of the warrant and the receipt for the property which was seized. Initially, Gaston may appear to support the government's position with regard to the question law enforcement officers asked of Mr. Peterson concerning who was on the lease for the Allison Street residence. However, because the witness who testified in Mr. Peterson's case about the statements in question did not state that the purpose of any questions regarding the lease were asked in order to determine to whom to serve a copy of the warrant or the property return, all questions concerning the lease and residency in the instant case constitute interrogation rather than routine booking questions.

Further, because there was no evidence that questions concerning which room belonged to

whom were asked for any valid administrative purpose in this case, the rationale in <u>Gaston</u> indicates that all questions to Mr. Peterson concerning which room was his constitute interrogation rather than routine booking questions.

 For these reasons, as well as for all reasons raised at Mr. Peterson's suppression hearing, Mr. Peterson requests that the statements at issue in this case be suppressed.

        Respectfully submitted,

        A. J. KRAMER
        FEDERAL PUBLIC DEFENDER


        _____/s/_____
        Tony W. Miles
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W.
        Suite 550
        Washington, D.C.  20004
        (202) 208-7500