# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 07-135 (JDB)** |
| **v.** | : | |
| | : | |
| **THOMAS PETERSON,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Supplemental Motion to Suppress Statements filed September 9, 2007. As grounds for this Opposition, the United States relies on the following additional points and authorities and such other points and authorities as may be cited at a hearing on the motion:[1]

On April 25, 2007, the Defendant was not in custody when he told police which room was his and how long he had lived at the apartment. First, the Defendant was not detained for a prolonged time period. See United States v. Burns, 37 F.3d 276, 281 (7th Cir. 1994) (holding that defendant who was detained for less than 10 minutes prior to arrest while search warrant was being executed in her hotel room was not in custody for Miranda purposes). Second, the Defendant was not treated any differently than other persons whom United States Park Police officers detain and secure during the execution of a search warrant. Cf. United States v. Sprosty, 79 F.3d 635, 643 (7th

---

[1] In the government's initial Opposition to Defendant's Motion to Suppress Statements, the government relied on the following points and authorities: Pennsylvania v. Muniz, 496 U.S. 582 (1990); Michigan v. Summers, 452 U.S. 692, 705 (1981); United States v. Gotchis, 803 F.2d 74 (2d Cir.1986); United States v. Saadeh, 61 F.3d 510, 520 (7th Cir.), cert. denied, 516 U.S. 990 (1995); United States v. Jones, 266 F.3d 804, 812 (8th Cir. 2001); United States v. Bennett, 329 F.3d 769, 774 (10th Cir. 2003).

Cir. 1996) (finding custody for <u>Miranda</u> purposes where defendant's detention during execution of search warrant "involved significantly more than merely requiring him to remain at home during the search" given an armed officer "was exclusively occupied with guarding [the defendant] for nearly three hours while four other officers searched," and officers made "persistent requests" that the defendant lead them to the incriminating evidence); <u>see</u> <u>also</u> <u>United States v. Calloway</u>, 298 F.Supp.2d 39, 49-50 (2003). Here, Investigator Ward testified that United States Park Police officers followed routine procedures when they cleared the apartment and secured the Defendant during the execution of the search warrant. At the time he was questioned, the Defendant had not yet been arrested. Only one officer questioned the Defendant, and the questions posed were not prolonged, accusatory or coercive. None of the officers pointed their weapons at the Defendant. The Defendant was not separated from the other occupant of the apartment. To the contrary, the Defendant and the other occupant of the apartment were seated together on a couch in the living room area while the Defendant was briefly questioned. Accordingly, the totality of the circumstances indicate that the Defendant was not in custody, or subject to the functional equivalent, for <u>Miranda</u> purposes.

Even if the Defendant was in custody, he was not subject to interrogation or questions reasonably likely to illicit an incriminating response. Rather, the officers merely asked the Defendant "routine booking questions." <u>United States v. Gaston</u>, 357 F.3d 77, 81-82 (D.C. Cir.), <u>cert.</u> <u>denied</u>, 541 U.S. 1091 (2004). In <u>Gaston</u>, 10 to 15 officers entered Gaston's home to execute a search warrant. The officers handcuffed Gaston and the other occupants of the home, and a United States Park Police officer interviewed Gaston, who remained handcuffed. At the time of the interview and before the officers began to search the premises, the United States Park Police officer

asked Gaston his name, address, date of birth, social security number, and the officer asked Gaston whether he owned the home. Gaston indicated that he lived in the home and he co-owned the home. Id. at 81. The District Court of Appeals for the District of Columbia Circuit held that the officer asked Gaston "routine questions" that "fell within an exception to Miranda." Id. at 82. The Court of Appeals specifically found that questions regarding Gaston's "address and ownership interest in the house [ ] related to 'administrative concerns'" and these questions "dealt as much with record-keeping as the similar booking questions asked in Muniz. Id. (relying on Pennsylvania v. Muniz, 496 U.S. 582, 601-02 (1990). Like in Gaston, the Defendant in this case was asked questions about his ownership interest in the home. He was questioned before the officers recovered any incriminating evidence, and before the search began. Investigator Ward's testimony established the administrative and record-keeping purpose of the questions that Lieutenant Haudenschild asked the Defendant. In this case, the testimony established that the officers had a reasonable administrative interest in keeping track of all the evidence recovered in an apartment occupied by two people. The officers also had a reasonable record keeping interest in keeping the evidence separate. That the Defendant's responses to the officer's questions were ultimately incriminating does not vitiate the officer's reasonable administrative and record-keeping purpose in asking the questions. Here, the Defendant was questioned about his ties to the location, not about his possessory interest in the items seized therefrom. Accordingly, the Defendant's statements were not unlawfully obtained.

## CONCLUSION

WHEREFORE, the United States respectfully submits that Defendant's Supplemental Motion to Suppress Statements should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/s/_____
PRECIOUS MURCHISON
Assistant United States Attorney
Maryland Bar
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-6080

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  07-135 (JDB)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS PETERSON,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

UPON CONSIDERATION of the Defendant's Motion  to Suppress Statements, and the Government's Opposition thereto, the entire record herein, and for the reasons set forth in the Government's Opposition and for good cause shown, it is

ORDERED, that the Defendant's Motion is DENIED.

_____          _____
DATE                                              JOHN D. BATES
                                                      UNITED STATES DISTRICT JUDGE