UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-135 (JDB) |
| | : | |
| v. | : | **FILED** |
| | : | |
| THOMAS PETERSON, | : | OCT 0 1 2007 |
| | : | |
| Defendant. | : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

**FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the Defendant hereby submit the following in preparation for a plea hearing in the instant case:

I.   ELEMENTS OF THE OFFENSE:

The essential elements of the offense of Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii), each of which the Government must prove beyond a reasonable doubt, are:

1.   That the Defendant possessed a controlled substance, which was five grams or more of cocaine base;

2.   That the Defendant possessed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

3.   That when the defendant possessed the controlled substance, he had the specific intent to distribute it.

II.   COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement is attached.

III.  PENALTIES:

Pursuant to 21 United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii), the crime of Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base carries a penalty of a term of imprisonment of not less than five (5) years or more than forty (40) years, a fine of not more than $2 million, and a term of supervised release of at least four (4) years.

IV.  STATEMENT OF THE OFFENSE:

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on April 25, 2007, at about 7:02 a.m., United States Park Police ("USPP") officers executed a search warrant at Defendant Thomas Peterson's two-bedroom Allison Street, Northwest, apartment. Inside, they found the defendant in one bedroom, and a another man in a second bedroom.

The police recovered 11 knotted bags containing crack cocaine and 11 zip lock bags containing cocaine base from inside the top dresser drawer located in the defendant's bedroom. The police also recovered loose cocaine base from on top of a dresser in the defendant's bedroom and loose cocaine base from a plate located on a table in the defendant's bedroom. Additionally, the police recovered U.S. currency, mail matter and papers with the defendant's name on it, rubber gloves, an electronic scale, two cellular phones, numerous empty zip lock bags, a razor and a pen barrel from the defendant's bedroom. The cocaine base recovered from the defendant's bedroom was examined by the Drug Enforcement Administration and determined to have a combined net weight of 40.7 grams.

Additional Relevant Conduct

The Government was also prepared to prove beyond a reasonable doubt that on April 19, 2007, at approximately 12:22 a.m., USPP officers initiated a traffic stop of the Chevrolet Impala the defendant was driving at Fourth and K Streets, Northwest.

Following the stop, one officer noticed a crevice between the headliner and the roof inside the defendant's car above the driver's seat area, and the officer noticed that there were scratches on the tint band at the top of the windshield on the drivers side.

The officers asked the defendant and the two passengers who were in his car to step out, and the officers called more officers to the scene. The police recovered a blue zip lock bag containing cocaine base from the driver's side floor. The police also recovered nine, individually wrapped "8 balls" and more than 50 separate, small zip locks of cocaine base from the crevice located between the headliner and the roof. Thereafter, the "8 balls" and the zip locks of cocaine base recovered from the defendant's car were submitted to the DEA and determined to be cocaine base, with a combined net weight of 28.7 grams.

The foregoing proffer is a summary of the Defendant's participation in the offense of Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base, and is not intended to be a complete account of all facts and events related to the offense. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the Defendant's guilty plea in this case.

                          JEFFREY A. TAYLOR
                          UNITED STATES ATTORNEY
                          D.C. BAR NO. 489-610

BY: _____
      PRECIOUS MURCHISON
      Assistant United States Attorney
      Maryland Bar
      U.S. Attorney's Office
      555 Fourth Street NW, Room 4840
      Washington, DC 20530
      (202) 307-6080

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). I have discussed this proffer fully with my attorney, Tony Miles, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 10-01-07

THOMAS PETERSON
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base. I have reviewed the entire proffer with my client and have discussed it with him fully. I acknowledge my client's agreement with and acceptance of this proffer.

Date: 10/1/07

TONY MILES
Counsel for Defendant