# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 07-135 (JDB)** |
| **v.** | : | |
| | : | |
| **THOMAS PETERSON,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' MOTION FOR GUIDELINE'S CREDIT AND MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia,  respectfully moves the Court, pursuant to § 3E1.1(a) & (b) of the Sentencing Guidelines, to adjust the defendant's offense level down three levels reflecting the defendant's acceptance of responsibility for this offense.  The United States also submits this memorandum in aid of sentencing.

## I.    BACKGROUND

On May 24, 2007, the defendant was indicted on two counts of Unlawful Distribution of 5 Grams or More of Cocaine Base, in violation of Title 21 United States Code, Sections 841 (a)(1) and (b)(1)(B)(iii).  On October 1, 2007, the defendant pled guilty to the second count of the indictment.  At that time the Defendant signed a "Statement of offense" and admitted to following:

Had this matter proceeded to trial, the government was prepared to prove beyond a reasonable doubt that on April 25, 2007, at about 7:02 a.m., United States Park Police (USPP) officers executed a search warrant at defendant Thomas Peterson's two-bedroom Allison Street,

Northwest, apartment.  Inside, they found the defendant in one bedroom, and another man in a second bedroom.

The police recovered 11 knotted bags containing crack cocaine and 11 ziplock bags containing cocaine base from inside the top dresser drawer located in the defendant's bedroom. The police also recovered loose cocaine base from on top of a dresser in the defendant's bedroom and loose cocaine base from a plate located on a table in the defendant's bedroom.  Additionally, the police recovered U.S. currency, mail matter and papers with the defendant's name on it, rubber gloves, an electronic scale, two cellular phones, numerous empty ziplock bags, a razor and a pen barrel from the defendant's bedroom.  The cocaine base recovered from the defendant's bedroom was examined by the Drug Enforcement Administration (DEA) and determined to have a combined net weight of 40.7 grams.

<u>Additional Relevant Conduct</u>

The government was also prepared to prove beyond a reasonable doubt that on April 19, 2007, at approximately 12:22 a.m., USPP officers initiated a traffic stop of the Chevrolet Impala the defendant was driving at Fourth and K Streets, Northwest.

Following the stop, one officer noticed a crevice between the headliner and the roof inside the defendant's car above the driver's seat area, and the officer noticed that there were scratches on the tint band at the top of the windshield on the driver's side.

The officers asked the defendant and the two passengers who were in his car to step out, and the officers called more officers to the scene.  The police recovered a blue ziplock bag containing cocaine base from the driver's side floor.  The police also recovered nine, individually wrapped "8 balls" and more than 50 separate, small ziplocks of cocaine base from the crevice

located between the headliner and the roof.  Thereafter, the "8 balls" and the ziplocks of cocaine

base recovered from the defendant's car were submitted to the DEA and determined to be

cocaine base, with a combined net weight of 28.7 grams.

## II.    SENTENCING CALCULATION

### A.    Statutory Minimums and Maximums

The charge carries a mandatory minimum sentence of five years imprisonment, a

maximum sentence of 40 years imprisonment, a fine of up to $2,000,000.00, a special assessment

of $100.00, and at least four years of supervised release.

### B.    Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR")

calculates the defendant's total offense level at 31.  See PSR ¶ 25.  (This calculation

contemplates a three-level decrease to the defendant's base offense level pursuant to Section

3E1.1 of the Guidelines).    The PSR calculates the defendant's criminal history as Category VI.

See PSR ¶ 42.  Therefore, the PSR calculates the Guideline range for the defendant at 188 to 235

months.  See PSR ¶ 104.

Pursuant to Federal Rule of Criminal Procedure 11 (c)(1)(C), defendant has entered his

plea, subject to the Court accepting the plea, in which the parties agree that the appropriate

sentence for defendant is ten years incarceration.  The Court previously deferred acceptance of

this plea agreement until the PSR became available.

## III.    GOVERNMENT'S RECOMMENDATIONS

### A.    Acceptance of Responsibility

The government agrees that the defendant's base offense level should be decreased by

3

three points pursuant to Section 3E1.1 of the Sentencing Guidelines.  He entered a guilty plea, thereby admitting the conduct comprising the offense, and he has cooperated in the pre-sentence investigation.  Accordingly, the government is moving the Court to grant a three-level decrease in the offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

      B.      <u>Basis for Government's Sentencing Recommendation</u>

Pursuant to 18 United States Code, Section 3553(a), the Court should accept the plea agreement and impose a sentence of ten years incarceration pursuant to Rule 11 (c)(1)(C).  This sentence would represent a significant downward departure from the defendant's guideline range of 188-235 months.  Such a departure is justified principally because of the characteristics of this defendant, specifically the fact that he suffers from a chronic life-threatening disease and his health has deteriorated since his arrest.  It should also be noted that defendant's record, though long, is not violent, and that he has only one prior felony drug conviction.

IV.    **CONCLUSION**

Wherefore, the government respectfully requests that the Court accept the plea agreement and sentence the defendant accordingly.

Respectfully submitted,


JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498-610

   /s/ David P. Saybolt
David P. Saybolt
Assistant United States Attorney
Federal Major Crimes Section
Virginia Bar #44518
555 4th Street, N.W.
Washington, DC 20530
(202) 307-6080
Fax: 353-9414
David.Saybolt@usdoj.gov