UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS PETERSON,<br><br>Defendant. | Criminal Action No. 07-135 (JDB)<br><br>FILED<br>APR 1 8 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### ORDER

On April 11, 2008, defendant Thomas Peterson filed a motion with this Court seeking to amend and/or correct the judgment issued against him. Specifically, Peterson learned that the 120-month sentence imposed upon him on January 11, 2008, would, pursuant to the Bureau of Prisons ("BOP") interpretation of this Court's sentence, be served consecutively to an unrelated eighteen (18) month Superior Court of the District of Columbia sentence. During Peterson's sentencing before this Court, the eighteen-month Superior Court sentence was not brought to the Court's attention. Thus, the January 11th sentence imposed upon him is silent with respect to whether it should be served concurrently or consecutively with the eighteen month sentence. In such instances of silence, BOP apparently concludes that the two sentences should be served consecutively. Peterson requests that, to the extent that it intended the sentences to be served concurrently, this Court amend or correct the January 11th judgment pursuant to Fed. R. Crim. P. 36 to reflect that. The government noted that it had no objection to that course of action in this case.

"A district court is authorized to modify a [d]efendant's sentence only in specified

instances where Congress has expressly granted the court jurisdiction to do so," and it "does not have inherent power to resentence defendants at any time." United States v. Green, 405 F.3d 1180, 1184 (10th Cir. 2005) (quotations and citation omitted).  Rule 36 is one such congressional grant of jurisdiction.  It provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  See Fed. R. Crim. P. 36.  The term "clerical error," however, encompasses only such errors that "involve[] a failure to accurately record a statement or action by the court or one of the parties."  United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005) (quoting 26 James Wm. Moore et al., Moore's Federal Practice ¶ 636.02[2] (3d ed. 2005)).  Rule 36, for instance, does not permit a court "to correct substantive errors in the sentence," id. at 278, or to amend a judgment to reflect unexpressed intentions.  Id. at 278 n. 4; see also United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004) ("This court has already noted its agreement with the Second and Seventh Circuits that Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself.") (citations omitted); United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995) ("Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing."); Foster v. United States, 290 F. Supp. 2d 5, 8 (D.D.C. 2003) (citing to the quoted passage in Werber as reflecting the settled view of federal courts).

   With that established, it is evident that Peterson's motion must be denied.  He has not identified any "clerical error" contained in the judgment.  In fact, the judgment is entirely free from error, clerical or otherwise.  Instead, the motion at best identifies the Court's unexpressed

intention for Peterson's sentence to serve concurrently with any other outstanding sentences, but even that is uncertain because that question was never presented to the Court.[1] In any event, the case law dictates that this Court cannot employ Rule 36 to alter this judgment to conform with any unarticulated sentencing expectation.

Accordingly, upon consideration of [40] Peterson's motion to amend judgment, the response thereto, the entire record herein, and for the foregoing reasons, it is hereby **ORDERED** that the motion is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Date: April 18, 2008

---

[1] Indeed, as noted above, the Court was not made aware of any other sentence pending against Peterson. Had the Court been made aware of the Superior Court sentence, and given the government's current position, the most that can be said is that it is likely that a concurrent sentence would have been imposed.